This matter was appealed by plaintiff from the Opinion and Award entered by the Full Commission on March 19, 1992, to the North Carolina Court of Appeals and ultimately to the North Carolina Supreme Court. In Case Number 275A93, the Norfth Carolina Supreme Court reversed the opinion in part and remanded the case to the Court of Appeals with instructions to remand to the Industrial Commission for a full investigation and a determination as to whether the Form 26 compensation agreement between plaintiff and defendants was fair and just and in accord with the intent and purpose of the Act, considering plaintiff's entitlement to benefits under N.C. Gen. Stat. § 97-29.
Pursuant to the Opinion and Order of the Full Commission entered on April 19, 1995, a special setting of the Full Commission was held on May 23, 1995, during which additional evidence and testimony was presented to assist the Full Commission in determining the proper election of benefits for plaintiff.
Pursuant to the Opinion and Order of the Full Commission, filed April 19, 1995, the Form 26 Agreement previously entered into by the parties and approved of the Commission was vacated, so that the Commission could conduct a full investigation and a determination as to whether the Form 26 Agreement was fair and just and in accord with the intent and purpose of the Workers' Compensation Act, considering plaintiff's entitlement to permanent and total disability benefits under N.C. Gen. Stat. § 97-29.
The Commission in its Opinion and Order of April 19, 1995, determined that there was insufficient evidence in the record to determine the extent of plaintiff's wage earning disability. The purpose of the May 23, 1995 hearing was to provide the parties an opportunity to present evidence as to whether plaintiff was totally disabled and entitled to elect as a remedy total disability benefits as provided by N.C. Gen. Stat. § 97-29.
The exhibits, testimony and stipulations admitted into evidence in the 1990 initial hearings before the Deputy Commissioner are incorporated as part of the record in this matter and the parties were not required to reintroduce evidence already before the Commission.
* * * * * * * * * * * *
At the May 23, 1995 hearing, six exhibits were admitted into evidence, identified as follows:
 Plaintiff's Exhibit 1 — Letter from Kim A. Wall, Rehabilitation Counselor, dated May 2, 1989. (admitted subject to the objection made by Mr. Clare, Tr. pp. 52, 13)
 Plaintiff's Exhibit 2 — Letter from Administration, dated May 15, 1995.
 Plaintiff's Exhibit 4 — Eleven pages of forms titled "Job Hunt Information".
 Plaintiff's Exhs. 5 6 — Functional Capacity Evaluation prepared by Paul T. Eckerd, PT, dated May 15, 1995.
 Plaintiff's Exhibit 7 — Medical records of David L. Kelly, Jr., M.D.
Additionally, Kim A. Wall, a Rehabilitation Counselor with the Division of Vocational Rehabilitation Services, North Carolina Department of Human Resources, plaintiff, Homer R. Vernon and his wife, Jacqueline Vernon, testified regarding plaintiff's physical condition and the likelihood of his obtaining employment.
* * * * * * * * * * * *
Based upon all of the competent and convincing evidence of record, the parties stipulate to and the undersigned make the following:
FINDINGS OF FACT
1. On October 16, 1986, plaintiff suffered a compensable injury by accident, arising out of and in the course of his employment with defendant-employer.
2. Plaintiff underwent surgery performed by neurosurgeon, David L. Kelly, Jr., M.D., who on August 13, 1987, opined that plaintiff was not going to be able to return to work, and rated him as having a 15% permanent partial physical disability to his back.
3. In 1989, Mr. Vernon sought assistance from the North Carolina Department of Human Resources, Division of Vocational Rehabilitation Services. Based on Mr. Vernon's functional illiteracy and continual back pain, the Division of Vocational Rehabilitation Services, declined to accept plaintiff as a client because it concluded there was no reasonable expectation that he would be able to return to work.
4. Based on a review of the May 15, 1995, Functional Capacity Evaluation, Vocational Rehabilitation Counselor Kim A. Wall was of the opinion that in 1995, taking into consideration plaintiff's age, education and work experience, Mr. Vernon was still disabled from working.
5. Based on a December 29, 1994 medical examination, neurosurgeon David L. Kelly, Jr., was of the opinion that Mr. Vernon was not able to work in his present condition.
6. Plaintiff is illiterate. His only work experience involved manual labor. His physical condition is slowly deteriorating to the extent that his pain is worse and it is becoming increasingly more difficult for him to do chores around the house and yard.
7. Plaintiff engaged in a job search in 1989 and 1990 which proved fruitless. He was not offered a single opportunity to work even though he sought employment from more than thirty employers.
8. The functional capacity evaluation performed on May 15, 1995 indicated that plaintiff was able to work at the "NO CLASSIFICATION Physical Demand Level for a 2 hour day." His leg lift capability was 0 lbs and his torso lift capability was also 0 lbs. The functional capacity evaluation summary stated: "While Mr. Vernon does have the abilities as listed on the enclosed FCE form, it seems very unlikely that he would be able to find work with these severe restrictions."
9. Plaintiff has been totally incapacitated from working since his compensable occupational injury on October 16, 1986.
* * * * * * * * * *
The foregoing findings of fact engender the following:
CONCLUSIONS OF LAW
1. As a result of the injury by accident sustained by plaintiff on October 16, 1986, plaintiff has been and remains totally disabled. N.C. Gen. Stat. S 97-29.
2. Plaintiff is entitled to medical compensation for medical treatment already incurred and yet to be incurred, as long as the expenses have been or are reasonably required to effect a cure or provide relief. N.C. Gen. Stat. S 97-25.
3. Defendants are entitled to a credit for benefits paid pursuant to the now vacated Form 26 Agreement.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission orders the following and enters the following:
AWARD
1. Defendants shall pay plaintiff total disability benefits beginning August 13, 1987 (the date temporary total disability benefits stopped) and continuing into the future, unless defendants obtain an order from the Industrial Commission allowing them to cease the payment of benefits.
2. Benefits shall be paid at the rate of $264.02 per week. As of September 9, 1995, eight years and five weeks (421 weeks) of benefits will have accrued and, subject to the 45 weeks of credit for payments made by defendant pursuant to the now vacated From 26 Agreement, shall be paid in a lump sum award.
3. Defendants shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of his injury by accident, after said bills have been submitted to the insurance carrier and approved pursuant to procedures established by the Commission.
4. A reasonable attorney's fee in the amount of thirty-three and one/third percent (33 1/3%) of all past and future compensation due plaintiff is hereby approved for plaintiff's counsel, which shall be deducted from the amounts due plaintiff and paid directly to plaintiff's counsel.
5. Defendants shall bear the costs.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER